By the Court, Bronson, J.
The defendants carry on the business of towing boats laden with merchandize and produce, and are undoubtedly willing to engage for all persons who may desire their services. But I think they are not common carriers. They do not receive the property into their custody, nor do they exercise any control over it other than such as results from the towing of the boats in which it is laden. They neither employ the master and hands of the boats towed, nor do they exercise any authority over them beyond that of occasionally requiring their aid in governing the flotilla. The goods or other property remain in the care and charge of the master and hands of the boat towed. ■ In case of loss by fire or robbery, without any actual default on the part of the defendants, it can hardly be pretended that they would be answerable ; and yet carriers must answer for such loss. If the case of Caton v. Rumney, (13 Wend. 387,) does not go the whole length of deciding this question, we entertain no doubt that the circuit judge was right in ruling that the defendants are not common carriers.
If the defendants are not common carriers, then, aside from any express contract, they would be holden to the same rule of responsibility as ordinary bailees for hire. They would be answerable for a loss occasioned by the want of ordinary care and skill. This is the rule which the judge gave on the trial. But he laid the permit or special acceptance entirely out of view, and put the cause to the jury in the same way as though there had been no express agreement between the parties. This presents the question, whether an ordinary bailee for hire may not stipulate for a different degree of liability from that to which he-would be subject in the absence of an express contract. I think he may. He can ifiidoubtedly bind himself as *20 an insurer for the safe delivery of the goods at all events ; and; I see no good reason why, on the other hand, he should not be allowed to. contract for any degree of exemption from liability which stops short of protection in case of fraud. Other bailees are not bound, like common carriers and innkeepers, to accept business whenever it is- offered; nor are they obliged to bestow their labor or care at what may be deemed a reasonable price. They are as fully at liberty to refuse employment as- is a day laborer, and may, like him, settle the terms on which their services shall be rendered. In the absence of an express contract, the law will imply an undertaking on the part of the bailee for the use of ordinary skill and care, and will secure to him a reasonable compensation for his services. But those matters may be otherwise settled by compact between the parties.
It is very questionable whether innkeepers and common carriers can contract for a restricted liability ;(a) but there seems to be no such doubt in relation to other bailees. (Hollister v. Nowlen, 19 Wend. 246 ; Cole v. Goodmn, id. 272—282 ; Story on Bail. 7, 20—24, 2d ed.) If the obligation which the law would- imply in the absence of an express contract, can be- in any degree restricted by the agreement of the parties, I see no reason why they may not go the length of contracting for the entire exemption of the bailee, and thus leave the whole risk-on the owner of the property. That they may do so, has never, I think, been seriously questioned. But this impunity cannot be extended to a case where there is fraud on the part of the bailee; for the law will not' tolerate such an indecency and immorality, as that a man shall contract to be safely dishonest. (Story on Bail. 21.)
In this case, the defendants agreed to tow the boat “-at the risk of the master and' owners thereof.” These terms are broad *21 enough to embrace every risk arising from a want of ordinary care and skill, and I think we are not at liberty to construe them in a more limited sense. The plaintiffs were content with those terms before the loss happened; and they must abide by them still, unless there has been a want of good faith on the part of the defendants or their servants.
New trial granted.(b)

 When this opinion was delivered, the case of Gould and others v. Hill and others, (2 Hill, 623,) was not yet decided. The latter, it will-be seeti, determines that a carrier cannot thus restrict his liability.'

 This case was twice argued by the same counsel. The above is the opinion delivered after the first argument. After the second argument, the case was disposed of as follows:
By the Court, Bronson, J. On a re-consideration of this case, we see no sufficient reason for changing the opinion which has already been expressed.
New trial granted.