## Case No. 1,817.

### BRAWLEY et al. v. The JIM WATSON.

[2 Bond, 356.][1]

District Court, S. D. Ohio. April Term, 1870.

TOWAGE—LIABILITY OF OWNERS OF TUG AS COMMON CARRIERS—LIABILITY FOR NEGLIGENCE.

1. The owners of a steamer, taking in tow a flat-boat at a low stage of water in the Ohio river, are not liable for the loss of the flat boat and its cargo as common carriers.

2. If carelessness, negligence, or want of skill in the navigation of the steamer be proved, the owners are liable for the loss, not otherwise.

[See The Fannie Tuthill, 12 Fed. 446.]

In admiralty.

Sayler & Sayler, for libellants.
Jordan & Jordan, for respondent.

OPINION OF THE COURT. This is a proceeding in admiralty against the steamer Jim Watson, in which the libellants seek to recover the value of a flat-boat and its cargo of fire-brick clay, taken in tow by the steamer, and sunk and lost in descending the Ohio river.

The grounds on which a decree against the steamer is sought for, as stated, in substance, in the libel, are: 1. That there was a special agreement by the owners of the steamer to receive the flat-boat in tow, and safely to navigate it from Amanda Landing, on the Kentucky shore of the Ohio river, to Cincinnati, at a rate or price agreed on by the parties. 2. That the owners of the steamer are liable for the loss of the flat-boat and cargo, as common carriers. And third, if not so liable, they are liable for gross negligence and want of skill, in the management of their boat, whereby the sinking and loss of the flat-boat was occasioned. The owners of the steamer have appeared in the case, and deny by their answers the several allegations of the libel. As to the special agreement alleged, the evidence fails to prove that any was made, and it is unnecessary to notice that article in the libel.

It is, however, insisted by the counsel for the libellants, that without reference to any special agreement, the owners of the steamer are liable as common carriers, and that the steamer may be proceeded against in admiralty for the loss of the flat-boat and cargo. This presents the question, whether the owners of a steamer taking a tow in charge are liable on the rigid principles of the common law, as common carriers.

The law seems now to be well settled that a steamer is only liable for the loss of, or damage to, the property taken in tow, occasioned by gross negligence or want of skill in the navigation. It is true there are some authorities adverse to this doctrine. Some cases have been referred to in the Louisiana courts, to the effect that the liability of the steamer is the same as if the cargo taken in tow was a part of the cargo of the steamer, and that the owners are responsible for losses, with the well-known exceptions at the common law. The case of Vanderslice v. The Superior [Case No. 16,-843], is also cited as sustaining this doctrine. It was decided by Judge Kane, in the district court of the United States for the eastern district of Pennsylvania, in the year 1850. But as this decision, on appeal to the circuit court [unreported], was reversed by Judge Grier, it can not be received as an authority in this case. There are numerous authorities to the effect that a steamer taking property in tow is not liable as a common carrier. 1 Pars. Cont. 645; 13 Wend. 387; 18 Pa. St. 40. In this case it would be unjust and unreasonable to hold the owners of the Watson responsible for the loss of the tow, as common carriers. It was in the month of August, and the proof is, the Ohio river was at its lowest stage, and navigation extremely difficult. The owners of the flat-boat in tow were fully apprised of the low stage of water, and the dangers incident to the transportation of an unwieldly craft, laden with a cargo of clay. It may be well inferred, that they were willing to assume, and did assume, all the risks in the transportation.

In this view the only question is, whether the owners of the steamer are liable for the loss, on the ground of negligence, carelessness, and want of skill in the navigation of their boat, whereby the loss was occasioned. If this allegation is proved, there can be no doubt of the liability of the owners of the steamer, and that the libellants are entitled to a decree in their favor. On this point there is some conflict in the testimony. It is, however, proved that in passing through a narrow channel, in which the water was very shallow, the flat-boat struck upon a stone or other obstruction, by which a hole was knocked in the bottom, through which the water entered, and after the lapse of some time the flat-boat sunk. What the obstruction was, with which the flat-boat came in collision, is not proved, but it is proved both by the engineer and pilot of the steamer, that it was running at a very slow rate, and was within the proper channel at the time of the accident. It is also proved that the pilot was a person of skill and long experience in the navigation of that part of the Ohio river, at all stages of water. The court is clear in the conclusion, that the allegation of carelessness, negligence, and unskillfulness in the navigation of the steamer is not sustained by the evidence. The libel is dismissed.

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]