Stone, J.
The general, if not the universal rule applicable in cases where compensation is sought for the consequences of a wrongful or negligent act, or for the violation of a contract, is that the wrong-doer, or party in default, is responsible only for the proximate, and not for the remote consequences of his actions.
It has sometimes been said that the policy of the law applicable to common carriers required, as to them, the application of a different rule. The weight of authority seems to be the other way; but how this may be,-the exigencies of the present case do not require us to determine. It is not alleged .that the defendants were common carriers,, and if that claim had been made, it is clear it could not be sustained.
The barge was not delivered to the defendants. They were entitled, under the contract, to such control of it as. was necessary to enable them, by means of the contemplated agency, to move it to its place of destination, but this was not inconsistent with the plaintiffs’ possession, and for most purposes it remained in their custody and care. Caton v. Rumney, 13 Wend. 387; Wells v. Steam Nav. Co., 2 Comst. 204; Angell on Carriers, sec. 86.
The case undoubtedly falls within the rule referred to;, but the rule is itself, in many cases, exceedingly difficult of application. It leaves the proximate cause undefined, and it is found impossible, by any general rule applicable to all cases, to draw the line between those causes of damage which the law regards as proximate and those which are too remote to be the foundation of an action.
Cases arising under the law of marine insurance are often cited, and are cited in this case to illustrate the distinction,, *539 but it is evident they can afford, in eases of this kind, no essential aid. The maxim causa próxima, non remota spectator, as generally applicable in cases of marine insurance, makes the liability of the underwriter to depend upon the question whether the immediate and directly operating cause of the loss was one of the perils covered by the policy.
“In applying this maxim,” says Mr. Justice Curtis, in Gen. Mut. Ins. Co. v. Sherwood, 14 How. 351, “in looking for the proximate cause of the loss, if it be found to be a peril of the sea, we inquire no further; we do not look for the cause of that peril.” See also Ins. Co. v. Transportation Co., 12 Wal. 194.
But in suits at common law, to recover damages for a breach of contract or tort, the maxim is, in this particular, in many cases, properly applied in a less restricted sense. In such actions a principle is involved not, in general, applicable in the law of insurance; the liability of the defendant being made to depend upon the natural and probable connection between the breach of contract or tort, and the alleged injurious consequence. Hence, in such eases, while the responsibility of the defendant is not, necessarily, restricted to the direct and immediate consequence of his fault, it does not extend to consequences which can not be regarded as the natural results of his conduct, and which, on that account, could not, by ordinary forecast, be anticipated.
In the present case, the route which defendants were, necessarily, to pursue in the performance of their contract, lay through Lakes Huron and Erie, and the rivers or straits connecting those waters. The delay is said, in argument, to have occurred in the St. Clair river. The record is silent upon this subject, but it appears that the voyage was, for the time, wholly suspended. After the delay the barge was again taken in tow, and the voyage was resumed. It is, perhaps fairly, to be inferred that the barge was, in the meantime, in a place of safety; but upon *540 this subject it is sufficient to say that it does not appear, nor is it claimed, that it was exposed, during the delay, to any of the perils incident to the voyage. Nor does it appear, from any fact or circumstance in the case, that there was any reason to apprehend that the perils to be encountered in completing the voyage would be increased by the delay. No fault is imputed to the defendants in resuming the voyage at the time they did, and it does not appear that in anything which subsequently occurred’ they failed in any respect in the performance of their duty. The storm which caused the loss of the barge, was encountered after the delay and while the voyage, after it had been resumed, was being duly prosecuted. As the event proved, the storm would not have been encountered if no delay had occurred; but this was a merely fortuitous result. It was not a consequence which “arose naturally, i. e., according to the usual course of things,” from the particular breach of contract complained of. Hadley v. Baxendale, 9 Exch. 341. The two events had, in the nature of things, no natural or necessary connection. It was, for .aught that appears, as reasonable to expect that the delay would be the means of avoiding extraordinary peril, in the further prosecution of the voyage, as it was to expect a contrary result. And while it is true, as the event proved, that the storm which caused the loss would not have been encountered if there had been no delay, it is at the same time evident that if the delay had been greater, and the' default of the defendants, in that respect, more flagrant than it was, the same favorable result would have followed.
The delay can not, therefore, be regarded as the proximate cause of the loss. It constituted a breach of the contract, and for any injury naturally resulting therefrom the defendants were clearly responsible, but except by a conjunction, which there was no reason to anticipate, and which was merely fortuitous, with a subsequent event, it had no agency in causing the loss of the barge. Of that loss the storm was the proximate and sufficient cause. Morris v. *541 Davis, 20 Penn. St. 171; Denny v. N. Y. C. R. R. Co., 13 Gray, 481; Railroad Co. v. Reeves, 10 Wal. 176.
It is contended, however, on behalf of the plaintiffs, that the defendants are responsible on another ground. The delay, it is said, constituted in law a deviation which would have discharged the underwriter if the barge had been insured; and assuming that the defendants would, in that case, in the further prosecution of the voyage, have taken upon> themselves all the risks covered by the policy, it is claimed that the plaintiffs, being their own insurers, are entitled toad the remedies they would have had if the barge had been insured by others.
A deviation has, it is true, in some circumstances the effect to put an end to the contract of insurance, but in such cases the underwriter is discharged, not because the risks are increased, but because they are not the risks he contracted to assume. So long as the risks are varied, it is wholly immaterial whether they are increased or not. If, then, the defendants are responsible on the ground contended for, they would be equally responsible, although it should be made clearly to appear that if there had been no-delay, the same, or even a worse storm would have been-encountered. In short, the plaintiffs would in that case be enabled, by reason of the delay, to recover the value of the barge without averring, or being able to aver, that the delay caused the loss or operated in any way to their injury. The delay occurring, they would thus, without cost, secure the benefit of an insurance for the remainder of the voyage.
If the barge had been insured against the peril by which its loss was occasioned., and it could be shown that the-insurer was discharged by reason of the delay, a different question would have been presented. In such case, the facts being known to the defendants, the loss of the policy might well be held to be the proximate consequence of their wrongful conduct, but in such case the ground of the action would not be the loss of the barge, but the *542 discharge of the underwriter, by reason of which the plaintiffs were deprived of the indemnity which they would otherwise have been able to obtain.
We think the court below did not err in the instructions given to the jury, or in refusing the instructions prayed for.

Judgment affirmed.